IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SOMIYAH WALEH, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. JRR-23-1226 |
| HOWARD CO. DEPT. OF SOC. SERVICES *et al.*, | * | |
| | * | |
| Defendants. | | |

\*\*\*

## MEMORANDUM ORDER

Self-represented Plaintiffs Somiyah Waleh and Jerry Nicklis[1] filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2554 (ECF No. 1) and associated Emergency Hearing Request (ECF No. 5) asking that this court "immediately require a hearing and return our kids to us." (ECF No. 1, p. 16.) Specifically, Plaintiffs ask the court to "take jurisdiction over our children in California away from Judge Tucker in Maryland;" that the "Howard County Circuit Court Bench [] be recused;" and for this court to "reinstate the subpoenas that were lawfully served with a process that Judge Tucker dismissed so evidence showing our kids should have been returned years ago could not be in the case file."  (ECF No. 5-1, pp. 2, 10.)

Plaintiffs take issue with rulings of the Circuit Court sitting in Howard County, Maryland, pertaining to their minor children who, they allege, have been removed from their custody following reports made to the county's Department of Social Services.  These reports, it would seem, culminated in circuit court proceedings and related orders removing the minor children from Plaintiffs' parental custody for the protection of the children; the children are alleged to have been

---

[1] The court is mindful that court papers drafted by self-represented parties are held to a less stringent standard than those drafted by attorneys, and that a plaintiff who submits an inartful complaint that appears to state a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984).  For the reasons set forth herein, the court determines that Plaintiffs do not set forth a potentially cognizable claim.

removed from Maryland and relocated within the State of California. Plaintiffs aver that they have brought this action on behalf of their minor children although the caption does not so indicate. (ECF No. 1, p. 16.)

Pursuant to 28 U.S.C. § 2554, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Habeas* relief is therefore not available to Petitioners (or their minor children). The Petition confusingly indicates that Petitioners are challenging a judgment of conviction of the Circuit Court for Howard County, but that does not appear to be the case; rather, Petitioners challenge the circuit court's action in juvenile court proceedings pertaining to their children.[2] Therefore, Plaintiffs' Petition shall be dismissed for failure to state a cognizable claim for relief under 28 U.S.C. § 2554.

Following the court's determination that Petitioners' are not entitled to *habeas* relief, the court will assess whether any other reasonably cognizable or potential claim has been set forth to afford Plaintiffs' an opportunity to correct or restate any such claims. *See* note 1, *supra*. "Fundamental to our federal system is the principle that '[f]ederal courts are courts of limited jurisdiction'" and may only adjudicate a case if it possesses the "power authorized by Constitution and statute." *Home Buyers Warranty Corporation v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *United States, ex rel. Voyyuru v. Jadhov*, 555 F.3d 337, 347 (4th Cir. 2009); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation marks omitted); *Strawn v. AT&T Mobility LLC*,

---

[2] While the Petition identifies a criminal sentence as "[t]o be determined, up to 16 years" for conviction of "child abuse and neglect," the Petition does not in fact seek to challenge any person's custodial status resulting from a criminal conviction. Further, according to court records, no such conviction exists, and Plaintiffs do not identify a case number or conviction date in the appropriate entries on their form petition filed with the court.

530 F.3d 293, 296 (4th Cir. 2008) (holding that where a party seeks to proceed in federal court, he "must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter."). Importantly, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Hanna*, 750 F.3d at 432; *see also Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Notably, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it" and "[a] court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen*, 511 U.S. at 377). Because "jurisdiction goes to the very power of the court to act" "[s]ubject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte*, at any time prior to final judgment." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008); *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010); *see McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004) (holding that "[i]t is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction."); *see also Snead v. Board of Educ. of Prince George's County*, 815 F. Supp. 2d 889, 893-94 (D. Md. 2011). Pursuant to Federal Rule of Civil Procedure 12(h)(3), therefore, "the court must dismiss the action" if it determines that the court lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-507 (2006).

Congress has conferred jurisdiction on the federal courts in several ways. To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. *Exxon Mobil Corp.*, 545 U.S. at 552; 28 U.S.C. § 1331. *See also* U.S. CONSTITUTION ART. III, § 2 ("The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . . ."). Moreover,

3

28 U.S.C. § 1367(a) grants district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." These grounds do not apply here.

In addition, "Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000. *Exxon Mobil Corp.*, 545 U.S. at 552; *see* 28 U.S.C. § 1332. This is known as diversity jurisdiction. Diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Diversity jurisdiction does not exist here, because all parties are all located within Maryland and no monetary damages are sought.

### *Rooker-Feldman Doctrine*

All of the harm alleged by Plaintiffs stems from state court proceedings, and therefore, Plaintiff's claims are barred under the Rooker-Feldman doctrine. The Rooker-Feldman doctrine bars a federal court action "brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced." *Exxon Mobil v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 281 (2005). "Under the Rooker-Feldman doctrine, lower federal courts may not consider either 'issues actually presented to and decided by a state court' or 'constitutional claims that are inextricably intertwined with questions ruled upon by a state court.'" *Friedman's, Inc. v. Dunlap,* 290 F.3d 191, 195 (4th Cir. 2002) (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)). "A federal claim is 'inextricably intertwined' with a state court decision if success on the federal claim depends upon a determination that the state court wrongly decided

the issues before it." *Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846, 857-58 (4th Cir. 2001). "[T]he key inquiry is not whether the state court ruled on the precise issue raised in federal court, but whether the 'state-court loser who files suit in federal court seeks redress for an injury caused by the state-court decision itself.'" *Willner v. Frey,* 243 F. App'x 744, 747 (4th Cir. 2007) (quoting *Davani v. Va. DOT,* 434 F.3d 712, 718 (4th Cir. 2006)). "Thus, 'if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual, Rooker-Feldman is implicated.'" *Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004) (quoting *Jordahl v. Democratic Party*, 122 F.3d 192, 202 (4th Cir. 1997)).

As stated above, all of the harm alleged by Plaintiffs stems from the entry of state court orders pertaining to their minor children. The success of Plaintiffs' claims before this court depends upon a determination that the state court wrongly decided the issues of pertaining to the minor children; therefore, Plaintiffs' asserted claims are "inextricably intertwined" with the issues that were before the state court. Accordingly, this court lacks subject matter jurisdiction over Plaintiffs' claims.

### *Eleventh Amendment Immunity*

Even if this action were not barred by application of the Rooker-Feldman doctrine, Defendants are entitled to Eleventh Amendment immunity. The court may consider the issue of Eleventh Amendment immunity *sua sponte* and at any time. *Suarez Corp. Indus. v. McGraw,* 125 F.3d 222, 227 (4th Cir. 1997). The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. Under the Eleventh Amendment, States generally enjoy immunity from suit unless a state waives its immunity, or the immunity is

abrogated by Congress. *See Bd. of Tres. v. Garrett*, 531 U.S. 356, 363-64 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court. We have recognized, however, that Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority.") (Internal citations omitted). "[F]or purposes of the Eleventh Amendment, a state official acting in his official capacity is protected from a damages action by the same immunity." *Ballenger v. Owens*, 352 F.3d 842, 844-45 (4th Cir.2003) (citations omitted).

All Defendants are either State entities or officials sued in their official capacities.[3] Therefore, the suit is against the State of Maryland. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58 (1989) (citing *Brandon v. Holt,* 469 U.S. 464, 471 (1985)) (explaining that "a suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office"). The State of Maryland has not waived its sovereign immunity. Accordingly, sovereign immunity bars Plaintiffs' claims. Plaintiffs also have not sufficiently pled a claim for prospective relief. In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court established a narrow exception to a state official's Eleventh Amendment immunity to suit in federal court. Under the *Ex parte Young* doctrine, "the Eleventh Amendment does not preclude private individuals from bringing suit against State officials for prospective injunctive or declaratory relief designed to remedy ongoing violations of federal law." *Bragg v. W. Va. Coal Ass'n,* 248 F.3d 275, 292 (4th Cir. 2000). The *Ex parte Young* doctrine provides that "a federal court has jurisdiction over a suit against a state officer to enjoin official actions that violate federal law, even if the State itself is immune from suit under the Eleventh Amendment." *Idaho v. Coeur*

---

[3] The Department of Social Services is a Maryland state agency with county and local offices, including that located in Howard County, Maryland.

*D'Alene Tribe*, 521 U.S. 261, 288 (1997). "The exception is limited to claims against a state official and thus would be unavailable in a claim against the State of Maryland itself." *Sikes v. Ward,* No. TDC-16-4108, 2017 U.S. Dist. LEXIS 201405, at *14 (D. Md. Dec. 6, 2017). While Plaintiffs make conclusory allegations that the state court's (Judge Tucker's) actions have generated a federal law violation or issue, Plaintiffs have not pled facts on which the court may reasonably infer that Judge Tucker is alleged to engage in ongoing violations of federal law. Accordingly, there is no valid exception to the Eleventh Amendment and the case must be dismissed

Accordingly, it is this 7th day of June 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Petition at ECF No. 1 is DISMISSED WITH PREJUDICE;

2. The Request for Emergency Hearing at ECF No. 5 is DENIED AS MOOT;

3. Madam Clerk SHALL PROVIDE a copy of this Order to Plaintiffs;

4. Madam Clerk SHALL CLOSE this case.

/S/

Julie R. Rubin
United States District Judge