IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JERRY NICKLIS and<br>SOMIYAH WALEH, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. JRR-23-1226 |
| HOWARD COUNTY DEPARTMENT OF<br>SOCIAL SERVICES and<br>JUDGE TUCKER, | *<br><br>* | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM ORDER

Plaintiffs Jerry Nicklis and Somiyah Waleh filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2554 to contest rulings issued by the Circuit Court of Howard County, Maryland, pertaining to their minor children, who they allege, have been removed from their custody following reports made to the county's Department of Social Services. ECF No. 1. By Memorandum Order dated June 7, 2023, this Court dismissed the Petition after finding Nicklis and Waleh failed to state a cognizable claim for relief under 28 U.S.C. § 2554. ECF No. 7. The Court also determined that Nicklis and Waleh had not set forth any other reasonably cognizable or potential claim for relief. *Id.* On June 23, 2023, Nicklis and Waleh filed a "Motion to Reconsider." ECF No. 11. For the reasons stated below, the Motion will be denied.

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir.), *cert. denied*, 132 S. Ct. 115 (2011). But, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v.*

*Town of S. Pines*, 532 F.3d 269, 278-80 (4th Cir. 2008).  Because Nicklis and Waleh filed their Motion within 28 days of the Court's judgment, Rule 59(e) controls.  *Bolden v. McCabe, Weisberg & Conway, LLC*, No. DKC-13-1265, 2014 WL 994066, at *1 n.1 (D. Md. Mar. 13, 2014); *see also* Fed. R. Civ. P. 59(e) (stating that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

"Federal Rule of Civil Procedure 59(e) permits the district court to reconsider a decision in certain circumstances." *Ross v. Early*, 899 F. Supp. 2d 415, 420 (D. Md. 2012) (citing Fed. R. Civ. P. 56(e)), *aff'd*, 746 F.3d 546 (4th Cir. 2014).  But, the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment.  The Fourth Circuit has clarified: "Our case law makes clear, however, that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see also United States ex el Carter v. Halliburton Co.*, 866 F. 3d 199, 210-11 (4th Cir. 2017), *cert. denied*, 2018 WL 587746 (June 25, 2018).  "'[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

The Motion does not present a change in the law; Plaintiffs do not contend new evidence unavailable at trial has been identified or that the court committed clear error.  Plaintiffs continue to assert their claims under 28 U.S.C. § 2554 and insist they did not intend to bring civil rights claims under 28 U.S.C. § 1983 or diversity claims under 28 U.S.C. § 1332.  ECF No. 11 at 2.

The Court has already determined that Plaintiffs may not bring claims relating to their parental rights under § 2554.  *See Lehman v. Lycoming Cnty. Children's Svcs. Agency*, 458 U.S.

502, 511 (1982) ("federal habeas has never been available to challenge parental rights or child custody"). Dismissal of the Petition was proper; and the court is not persuaded to grant the Motion to Reconsider.

Accordingly, it is this 2nd day of August, 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiffs' Motion to Reconsider (ECF No. 11) IS DENIED;

2. The Clerk SHALL CLOSE this case; and

3. The Clerk SHALL SEND a copy of this Order to Plaintiffs Nicklis and Waleh.

                                                                                        /S/
                                                            Julie R. Rubin
                                                            United States District Judge